**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4623

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHOUN LAMELLE WRIGHT, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina at Wilmington. Terrence W. Boyle, District Judge. (7:21-cr-00100-BO-1)

Submitted: July 21, 2025                          Decided: August 18, 2025

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shoun Lamelle Wright, Jr. ("Appellant") pled guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, a quantity of cocaine base, and a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1); possession with intent to distribute 50 grams or more of methamphetamine, a quantity of cocaine base, and a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 5). On appeal, Appellant argues, *inter alia*, that his guilty plea waiver was not knowingly and intelligently made and that his sentence is procedurally unreasonable. We affirm the convictions but vacate and remand for resentencing.

## I.

Appellant's convictions arise out of offenses that occurred on January 13, 2021, and July 29, 2021. As part of his written plea agreement, Appellant waived his right to appeal the convictions and whatever sentence was imposed on any ground, except for appeals based on claims of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time he entered his guilty plea. Appellant also agreed to be sentenced as a career offender under the Sentencing Guidelines, *see* U.S.S.G. § 4B1.1 (2023). With a category VI criminal history, the advisory Guidelines range was 292 to 365 months' imprisonment.[1] The Government asked for a within-Guidelines sentence. Appellant

---

[1] The presentence report classified Appellant as an armed career criminal and recommended an offense level of 38, with a three-level reduction for acceptance of responsibility, yielding a total offense level of 35 and an advisory Guidelines range of 292 (Continued)

moved for a downward variance to 180 months.  The district court imposed a below-guidelines sentence of 240 months' imprisonment on each count to run concurrently, and a total of five years of supervised release.[2]

## II.

Appellant's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous grounds for appeal but questioning the validity of the appeal waiver, whether the sentence was reasonable, whether there was prosecutorial misconduct, whether trial counsel provided ineffective assistance, and whether the firearm conviction was constitutional.  Counsel also questioned whether the guilty plea itself was knowing and voluntary, but he did not seek to withdraw the guilty plea based on forfeited Rule 11 error or claim that Appellant would not have entered the plea agreement but for the errors.  Appellant filed a pro se supplemental brief, arguing that the district court miscalculated his criminal history points and offense level and that he should not have been classified as a career offender.

The Government moved to dismiss the appeal based on the appeal waiver in the plea agreement.  But shortly thereafter, we issued our opinion in *United States v. Smith*, 134

---

to 365 months' imprisonment.  The Government and Appellant objected, arguing that the Guidelines range should have been calculated under the career offender guidelines as the parties had agreed in the plea agreement.  The objection was sustained, resulting in a total offense level of 34 and the Guidelines range of 262 to 327 months' imprisonment.

[2] Count 2, alleging possession with intent to distribute cocaine base on July 13, 2021, *see* 21 U.S.C. § 841(a)(1), and Count 4, alleging possession of a firearm in furtherance of a drug trafficking crime on July 29, 2021, *see* 18 U.S.C. § 924(c)(1)(A)(i), were dismissed.

F.4th 248 (4th Cir. 2025), a case involving the same district judge as in this case. In *Smith*, we held that "this district court's practice of omitting necessary information in both plea and sentencing hearings, disregarding proper procedure, and relying on appeal waivers to shield procedurally unreasonable sentences from review constitutes a miscarriage of justice warranting our consideration of the merits of the appeal, regardless of the validity of the appeal waiver." *Id.* at 261. In light of this opinion, the Government has now moved to withdraw its motion to dismiss the appeal, pointing out that the district judge in *Smith* also presided over Appellant's case and conceding that the Rule 11 and sentencing hearings are not free from procedural error. Accordingly, the Government requests that we sever the appeal waiver from the plea agreement and, if we remand for resentencing, that we reassign the case to a different district court judge.

### III.

"We review the validity of an appeal waiver de novo by considering whether the waiver was knowing and voluntary based on the totality of the circumstances." *Smith*, 134 F.4th at 255. "An important factor in such an evaluation is whether the district court sufficiently explained the waiver to the defendant during the Federal Rule of Criminal Procedure 11 plea colloquy." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "[W]here an appellant seeks to withdraw his guilty plea based on forfeited Rule 11 errors because he would not have entered the plea agreement but for the errors, we review for plain error." *Smith*, 134 F.4th at 256. But if the "appellant does not seek to withdraw his underlying plea, but instead challenges the appeal waiver as unknowing and involuntary, we review the validity of the appeal waiver de novo." *Id.*

4

As in *Smith*, the truncated Rule 11 colloquy conducted by the district judge in this case was plainly insufficient. Among other deficiencies, the district court did not adequately discuss or explain the terms of the appeal waiver, confirm that the defendant understood that he could not withdraw his plea if the sentence imposed was longer than expected, or ensure that the waiver was voluntary. Accordingly, we agree that the appeal waiver is unenforceable and must be severed from the remainder of the plea agreement.

Turning to the merits of Appellant's arguments, our review of the record reveals no arguably meritorious challenges to Appellant's convictions. As to the sentence, we "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing whether a sentence is reasonable, we

> ensure that the district court committed no significant procedural error, such as by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."

*United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (cleaned up). "The requirement of an adequate explanation is meant to allow for meaningful appellate review of a sentencing determination." *Id.* (cleaned up).

Here, it is patently obvious that the district court has (again) procedurally erred in imposing the sentence. Among the numerous deficiencies, the district court failed to consider the § 3553 factors, failed to address Appellant's nonfrivolous arguments for a below-Guidelines sentence, failed to explain the deviation from the Guidelines range, and

5

failed to otherwise explain the chosen sentence in any meaningful way. To make matters worse, the district court seems to have based the severity of the sentence, at least in part, on the fact that Appellant terminated the services of eight attorneys during the pendency of the district court proceedings. *See e.g.*, J.A. 545 ("I'm not going to be the sentencer today. He's already sentenced himself. . . . I don't feel bad about giving you a severe sentence because I didn't do it; you did it . . . . all the way through."); J.A. 545-546 ("I let you fire . . . eight lawyers, because I knew that this day would come and you didn't. If you had any brains at all or any sense at all, you would have cut to the chase immediately, gotten a low-ball sentence, and gotten out of here. But you didn't do that. You made this happen."). Accordingly, Appellant is entitled to a full resentencing hearing before a different district judge. *See Smith*, 134 F.4th at 265 ("[I]n light of the district court's disregard for procedure and our precedent, we conclude that this case should be reassigned to a different judge on remand to preserve the appearance of integrity.").

IV.

For the foregoing reasons, we grant the Government's Motion to Withdraw its Motion to Dismiss and sever the appeal waiver from Appellant's plea agreement. We affirm Appellant's convictions but conclude that the sentence is procedurally unreasonable. The judgment of the district court is vacated, and the case is remanded to a different district court judge for a full resentencing.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

6